IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DEREK ALEXANDER, #08055248,  )
    Plaintiff,  )
      )
v.  )    3:08-CV-1717-O
      )
DOCTOR CATHY S. PAVELKA,  )
    Defendant.  )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a county inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is confined at the Dallas County Jail in Dallas, Texas. Defendant is Cathy S. Pavelka, a doctor at the Dallas County Jail. The court did not issued process in this case, pending preliminary screening.

Statement of Case: Plaintiff alleges that Defendant provided incorrect and inadequate medical treatment when she cancelled his HIV medication causing physical injuries to his body's immune system and its capacity to resist infections. Plaintiff seeks monetary relief and the removal of Defendant's license to practice medicine.

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*.

1

His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions); 42 U.S.C. § 1997e(c)(1) (applicable to prison condition cases).

42 U.S.C. § 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Supreme Court has recognized that exhaustion under § 1997e(a) is an affirmative defense which a prisoner is not required to plead or prove in his complaint. *Jones v. Bock,* 549 U.S. 199, ___, 127 S. Ct. 910, 921 (2007). However, where it is apparent from the face of the complaint that an inmate has failed to exhaust the prison grievance procedure, *sua sponte* dismissal is appropriate on initial review for failure to state a claim upon which relief may be granted. *Carbe v. Lappin*, 492 F.3d 325, 327 -328 (5th Cir. 2007).

Plaintiff's own allegations in the complaint concede that he did not fully exhaust his administrative remedies prior to filing this action. As of the mailing of his original complaint, he was waiting for an investigation and a response to his August 29, 2008 grievance. (*See* Notification from Inmate Grievance Committee attached to the complaint). It is, therefore, apparent from the face of the complaint that Plaintiff did not fulfill the administrative exhaustion

requirement *before* filing the complaint in this case.

The Fifth Circuit has construed § 1997e(a) to require "that administrative remedies be exhausted *before* the filing of a § 1983 suit." *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis added); *see also Harris v. Hegmann,* 198 F.3d 153, 157 (5th Cir. 1999). "To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Wendell*, 162 F.3d at 891 (citing *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)). The consensus among the circuit courts is that a prisoner may not fulfill the exhaustion requirement under § 1997e(a) by exhausting administrative remedies after the filing of the complaint in federal court, and that dismissal is mandatory if a prisoner fails to exhaust by the time the complaint is filed. *See, e.g., Johnson v. Jones,* 340 F.3d 624, 627-28 (8th Cir. 2003) (collecting cases and holding that "the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred") (citations omitted).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED without prejudice for failure to state a claim upon which relief may be granted because Plaintiff failed to exhaust administrative remedies before filing the complaint in this case as set out in 42 U.S.C. § 1997e(a).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 21st day of October, 2008.


/s/ Wm. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.